HENRY D. MADSEN
MADSEN LAW OFFICES, PC
1044 Northwest Blvd., Suite B
Coeur d'Alene, ID 83814
Telephone: (208) 664-8080
Facsimile: (208) 664-6258
Email: hm.madsenlaw@outlook.com
ISBA# 4428

Attorney for Gregory Lapin

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GREGORY LAPIN, an individual,<br>Plaintiff<br><br>vs.<br><br>STEVEN D. WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereofe; WILLIAM T. REAGAN and JANE DOE REAGAN, individually and the community property comprised thereof; BW REAL ESTATE, LLC, a Idaho Limited Liability Company; BENJAMIN WIDMYER in his capacity as sole member of BW Real Estate, LLC; and BENJAMIN WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereof,<br><br>Defendants. | Case No.<br><br>**COMPLAINT WITH JURY DEMAND** |

COMES NOW, GREGORY LAPIN (hereinafter collectively LAPIN) by and through his attorney of record, HENRY D. MADSEN of MADSEN LAW OFFICES, PC, and complains and alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1 At the time of the incident, LAPIN is a resident of Coeur d'Alene, Kootenai County, Idaho.

1.2 Defendants Steven D. Widmyer and Jane Doe Widmyer (hereinafter SWIDMYER), upon information and belief, are and at all time pertinent herein, residents of Kootenai County, State of Idaho. Upon information and belief Steven D. Widmyer and Jane Doe Widmyer are the property owners of the real estate located at 2707 North Fruitland, Coeur d'Alene, Idaho.

1.3 Defendants William T. Reagan and Jane Doe Reagan (hereinafter REAGAN), upon information and belief, are and at all time pertinent herein, residents of Kootenai County, State of Idaho. Upon information and belief William T. Reagan and Jane Doe Reagan are the property owners of the real estate located at 2707 North Fruitland, Coeur d'Alene, Idaho.

1.4 Defendant BW Real Estate, LLC is an Idaho Limited Liability Company located in the Coeur d'Alene, Kootenai County, State of Idaho, and at all times pertinent herein, does business in the Kootenai County, State of Idaho. BW

Real Estate, LLC manages the property located at 2707 North Fruitland, Coeur d'Alene, Idaho. BW Real Estate, LLC has one sole member – Benjamin Widmyer.

1.5 Defendant Benjamin Widmyer (hereinafter BWIDMYER) and Jane Doe Widmyer, upon information and belief, are and at all times pertinent herein, residents of Kootenai County, State of Idaho. Benjamin Widmyer and Jane Doe Widmyer manage the property located at 2707 North Fruitland, Coeur d'Alene, Idaho.

## II. FACTS

2.1 On February 10, 2010, Plaintiff entered into a lease for subsidized housing with Howard Place Apartments located at 2707 North Fruitland Coeur d'Alene, Idaho. (Hereinafter "Lease")

2.2 Howard Place Apartments is covered by the Housing Finance and Development Authority (HFDA) and offers Section 8 assisted living units.

2.3 Under paragraph 21 of the Lease, the Landlord agrees not to discriminate based upon disability, among other things.

2.4 DEFENDANTS are aware that LAPIN suffers from high-functioning condition of Asperger's and is on full disability when they entered into subject Lease with LAPIN.

2.5 Under paragraph 22 of the Lease, the Landlord may change the terms and conditions of the Agreement/Lease "with the prior approval of HUD."

2.6 LAPIN pays subsidized rent through a payee.

2.7 DEFENDANTS were aware at the time PLAINTIFF entered into the Lease that LAPIN pays subsidized rent.

2.8 That at all times material hereto the laundry room was a common area of the Howard Street Apartments with all tenants having equal access thereto.

2.9 That a female unknown to LAPIN entered the laundry room and began yelling at LAPIN to immediately leave the laundry room.

2.10 That, as LAPIN was there under right of his lease agreement, he refused to leave and continued to do his laundry.

2.11 The female went outside the laundry room and LAPIN overheard the female call maintenance and told him that there is some guy in the laundry room.

2.12 LAPIN finished his laundry then returned to his apartment.

2.13 LAPIN at all times material hereto, did not know the female nor why she was there.

2.14 The following day LAPIN was contacted by MIKE WESTMORELAND, (hereinafter WESTMORELAND), who LAPIN, at all times material hereto, understood was the maintenance manager of the apartment complex.

2.15 That LAPIN informed WESTMORELAND as to the confrontation by the female and WESTMORELAND made allegations to LAPIN that he was

notified by the female tenant that he, LAPIN, was alone in the laundry room with the door closed and the lights off when the female entered into the room and that the female had demanded that he leave.

2.16 LAPIN responded to WESTMORELAND that he was in the laundry room doing his laundry with the lights on and the female came in and started yelling at him that he had to leave.

2.17 LAPIN stated that during subject incident, he was very frightened for his safety as the female was acting "crazy" or like she was under the influence of drugs or something and he told the female that he had the right to be there and that she should leave.

2.17 That WESTMORELAND continued to make allegations that he was crouching in the dark in the laundry room and that he had threatened the female.

2.18 That said statements by WESTMORELAND were not true.

2.19 That said statements were false and libelous and insinuated that LAPIN was a liar.

2.20 That said statements by WESTMORLAND embarrassed and caused LAPIN extreme emotional distress as he was being falsely accused of such egregious conduct.

2.21 Thereafter, the female came to the apartment of LAPIN and began pounding on LAPIN'S door.

2.22 That the door has a peep hole installed on said door which allows LAPIN to identify any individual who is knocking on his door or attempting to seek access into his apartment.

2.23 That LAPIN looked through the peep hole and recognized the female who was pounding on his door as the female who demanded he leave the laundry room.

2.24 That seeing the female angrily pounding at his door and now knowing where he lives, created severe anxiety and distress to LAPIN as he was concerned for his safety.

2.25 That LAPIN reported the incident to WESTMORELAND.

2.26 That it is of information and belief that WESTMORELAND and or BWYDMER gave the female LAPINS location of his apartment.

2.27 That LAPIN did not give BWYDMER and or WESTMORELAND and or anyone else permission to reveal his location to the female and by doing so compromised his security and was a violation of his rights under the lease as to maintaining his information confidential.

2.28 That it is of information and belief that WESTMORELAND reported the false allegations to BWYDMER who again confronted LAPIN alleging he committed the egregious acts and further alleged that said acts were a violation of the Lease and that he now must vacate the apartment.

2.29 That after reporting the incident whereby the female was pounding on his apartment door neither WESTMORELAND nor anyone else responded to LAPIN'S concerns with regard his safety which further caused concern by LAPIN for his safety and further caused him great anxiety and emotional stress and he again contacted WESTMORELAND to find out if anything what is being done about his safety.

2.30 Thereafter the female again appeared on his doorstep angrily pounding on his door.

2.31 That the second attempt by the female attempting to gain access to his apartment caused LAPIN severe anxiety and emotional distress as her conduct and actions confirmed with LAPIN that she was under the influence of drugs or had mental problems.

2.32 That LAPIN again reported to WESTMORELAND the conduct by the female but nothing was done to remedy the problem.

2.33 That at all times material hereto, LAPIN has maintained that he has done nothing wrong and has not violated the lease and that he was being falsely accused.

2.34 Further, LAPIN has continued to notify WESTMORELAND as to his safety concerns with regard their failure to protect him and releasing his information to the female but Plaintiffs have failed to act.

2.35 On December 1, 2016, LAPIN received a 30-day Notice of Termination of Lease citing "Any criminal activity threatens the health, safety, or right to peaceful enjoyment of their residences by persons residing in the immediate vicinity of the premises."

2.36 On April 11, 2017, PLAINTIFFS filed an unlawful detainer action in Idaho state court.

2.37 That said eviction is wrongful as it is without cause.

2.38 That said failure to protect LAPIN and wrongful eviction has caused LAPIN extreme anxiety and emotional distress.

2.39 That on May 19, 2017, BWIDMYER notified Greg Lapin that his rental assistance would be terminated on June 30, 2017 and that his rent would increase to market rate starting July 1, 2017.

## III. APPARENT AGENCY BETWEEN DEFENDANTS

3.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

3.2 That it is of information and belief that SWIDMYER and REAGAN employed the services of BWYDMER, to manage subject property. That based upon the agency relationship between SWIDMYER, REAGAN, and BWYDMER, the actions of BWYDMER are attributed to PLAINTIFFS as respondents superior and are responsible for the actions of agents and others they directed or employed.

3.3     That it is of information and belief that BWYDMER sometimes and or at all times material hereto may have been or was acting as BW REAL ESTATE, LLC (hereinafter BW REAL ESTATE) which is a limited liability company organized under the laws of the State of Idaho.

3.4     That it is of information and belief that BWYDMER at all times material to this action, was the sole member and owner of BW REAL ESTATE.

3.5     That at all times material hereto BWYDMER was acting outside the scope of the operating agreement with regard BW REAL ESTATE and or was acting individually and therefore is individually responsible for his actions or the actions of others he directed or employed material to this action.

3.6     As a direct result of BWYMER acting outside the scope of the operating agreement with regarding BW REAL ESTATE or acting in his own individual capacity, BWYMER breached his duty to protect LAPIN.

## IV.    ALTER EGO THEORY

4.1     LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

4.2     Under I.C. §30-6-104 (1) "a limited liability company is an entity distinct from its members."

4.3     BW REAL ESATE, LLC is a limited liability company in the state of Idaho.

4.4 BWIDMYER is the sole member of BW REAL ESTATE, LLC.

4.5 BW REAL ESTATE, LLC and BWIDMYER exhibited a unity of interest and ownership to a degree that separate personalities of the limited liability company and individual no longer existed.

4.6 If the acts of BWIDMYER would be treated as acts of BW REAL ESTATE, LLC, an inequitable result would follow.

4.7 The acts of BWIDMYER was acting outside the scope of the operating agreement with regard BW REAL ESTATE and or was acting individually and therefore is individually responsible for his actions or the actions of others he directed or employed material to this action.

## V. FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 3604

5.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

5.2 LAPIN is a handicapped person as defined in the FHAA, 42 U.S.C. § 3602(h), and have standing to commence this action.

5.3 Pursuant to provision in the 42 U.S.C. § 3604 it is unlawful:

> (f)(1) to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap [of that buyer or renter]; …
> (3) For the purposes of this section, discrimination includes--…
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such

> accommodations may be necessary to afford such personal equal opportunity to use and enjoy a dwelling.

5.4 DEFENDANTS violated the FHAA, 42 U.S.C. § 3604 (f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations were necessary to afford LAPIN an equal opportunity to use and enjoy a dwelling.

5.5 LAPIN is an aggrieved person, as that term is defined in the FHAA, 42 U.S.C. § 3602(i), and has suffered damages as a result of the conduct of the DEFENDANTS.

5.6 The discriminatory actions of DEFENDANTS were intentional, willful, and taken in disregard of the rights of LAPIN.

## VI. SECOND CAUSE OF ACTION FOR VIOLATION OF SECTION 504, 29 U.S.C. § 794

6.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

6.2 LAPIN is a qualified individual with a disability as defined in the Rehabilitation Act, and has standing to commence this action.

6.3 LAPIN'S tenancy with Howard Place Apartments, owned by THIRD PARTY DEFENDANTS, is a program or activity as the same is defined by Section 504, 29 U.S.C. § 794.

6.4 THIRD PARTY DEFENDANTS have an affirmative obligation to ensure that the LAPIN receive the full benefits of participation in the Housing Finance and Development Program (HFDA) and Housing and Urban Development (HUD)

6.5 THIRD PARTY DEFENDANTS have denied LAPIN the full benefits of the housing program, by denying his request for reasonable accommodation in violation of Section 504 of the Rehabilitation Act.

6.6 The discriminatory actions of DEFENDANTS were intentional, willful, and taken in disregard of the rights of LAPIN.

## VII. THIRD CAUSE OF ACTION FOR VIOLATIONS OF 42 U.S.C. §§ 1437 et seq.

7.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

7.2 LAPIN is a qualified individual with a disability pursuant to the United States Housing Act, (42 U.S.C. §§ 1437 et. seq.), and the Housing and Community Development Act of 1974, (42 U.S.C. §§ 1437 et. seq.), and has standing to commence this action.

7.3 SWIDMYER and REAGAN own Howard Place Apartment in Coeur d'Alene, Idaho which is covered by the Housing Finance and Development Authority (HFDA).

7.4 HFDA is contracted with The Department of Housing and Urban Development (HUD) to assume some administrative responsibilities for Project Based Section 8 in the state of Idaho under HUD's Incentive Based Initiative.

7.5 The regulations for the administration for the HUD program can be found in Title 24 of the Code of Federal Regulations.

7.6 Pursuant to 24 CFR § 960.103, DEFENDANTS are required to be in compliance at all times with The Fair Housing Amendments Act, (42 U.S.C. §§ 3610 et seq.), the Americans with Disabilities Act, (42 U.S.C. §§ 12101 et seq.), Section 504 of the Rehabilitation Act of 1973, (42 U.S.C. §794), as well as numerous other anti-discrimination statutes.

7.7 DEFENDANTS have denied LAPIN's request for a reasonable accommodation.

7.8 DEFENDANTS violated 42 U.S.C. §3604 (f)(1)(A), by discriminating against Defendant in the rental of dwelling, or otherwise making unavailable or denying him a dwelling, because of a disability.

7.9 LAPIN is an aggrieved person, as defined by 42 U.S.C. §3602(i), and has suffered damages as a result of the conduct of the DEFENDANTS.

7.10 The discriminatory actions of DEFENDANTS are intentional, willful, and taken in disregard of the rights of LAPIN.

## VIII. FOURTH CAUSE OF ACTION FOR VIOLATIONS UNDER 42 U.S.C. § 1983

8.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

8.2 The DEFENDANTS acted under color of law, custom or policy in the administration of their duties to deprive LAPIN of his rights under Americans with Disabilities Act, The Fair Housing Act, the Rehabilitation Act, 42 U.S.C. §1437 (d)(k) and LAPIN has a remedy pursuant to 42 U.S.C. § 1983.

## IX. FIFTH CAUSE OF ACTION FOR VIOLATION OF DUE PROCESS

9.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

9.2 The United States Constitution guarantees LAPIN Due Process prior to deprivation of a property right.

9.3 In this case, the minimum due process that must be afforded LAPIN is outlined by the grievance hearing procedure found at 42 U.S.C. §1437d(k) which provides in pertinent part:

> The Secretary shall by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will- -
>
> …
>
> (2) have an opportunity for a hearing before an *impartial* party upon timely request within any period applicable under subsection (1) of this section;". (emphasis added).

9.4 As a result of DEFENDANTS' action, LAPIN has been deprived rights, privileges and immunities granted by the Constitution and laws of the United States and has a remedy for such deprivation under 42 U.S.C. §1983 and are entitled to costs and reasonable attorney's fees under 42 U.S.C. §1988.

## X. SIXTH CAUSE OF ACTION FOR BREACH OF/INTERFERENCE OF QUIET ENJOYMENT

10.1 LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

10.2 It is of information and belief that THIRD PARTY DEFENDANTS provided a female tenant LAPIN'S apartment number.

10.3 That said female tenant came to LAPIN'S apartment and pounded on the door of LAPIN'S apartment.

10.4 LAPIN did not know the person other than what he was informed as to the name of the female as Angelica.

10.5 That LAPIN was afraid of his safety and afraid to leave his apartment.

10.6 That LAPIN informed DEFENDANTS of Angelica's transgressions but DEFENDANTS refused to address what Angelica was doing.

10.7 That as a result of the foregoing LAPIN was deprived of quiet enjoyment of his property.

## XI.   SEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE EVICTION

11.1   LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

11.2   DEFENDANTS provided a female tenant LAPIN'S apartment number.   As a result, the female pounded on the door of LAPIN'S apartment and deprived LAPIN of quiet enjoyment of his property.

## XII.   EIGHTH CAUSE OF ACTION FOR ATTORNEYS FEES AND COST PROVISION

12.1   LAPIN incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

12.2   As a result of DEFENDANTS' actions, LAPIN, solely by reason of his disabilities, has been subject to discrimination under a program or activity receiving Federal financial assistance, and have a remedy for such deprivation under 29 U.S.C. § 794a and are entitled to costs and reasonable attorney's fee under 42 U.S.C. § 1988.

12.3   As a result of DEFENDANTS' actions, LAPIN, solely by reason of his disabilities, has been subject to discrimination under a program or administered by a local agency and have a remedy for such deprivation under 42 U.S.C. § 12133 and are entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## RESERVATION OF RIGHTS TO SEEK PUNITIVE DAMAGES

Notice is hereby given that LAPIN intends, upon motion of the Court to amend this Complaint to seek and allege punitive damages against DEFENDANTS, and each of them, as their conduct was malicious, fraudulent and oppressive, justifying an award of punitive damages so that DEFENDANTS and each of them will not engage in such conduct in the future and make an example of them.

## DEMAND FOR JURY TRIAL

LAPIN hereby demands a trial by jury of not less than twelve (12) persons for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LAPIN prays for judgment as follows:

1. That the court file an injunction to stop the unlawful detainer filed in Kootenai County District Court pending the outcome of this matter;

2. Reverse the decision of DEFENDANTS in terminating LAPIN'S tenancy;

3. Declare that:

a. the discriminatory housing practices of the DEFENDANTS as set forth above violate the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 et seq.;

b. the discriminatory housing practices of the DEFENDANTS as set forth above violate the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.;

c. the discriminatory housing practices of the DEFENDANTS as set forth above violate Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 794;

4. Order the DEFENDANTS to grant LAPIN'S request for a reasonable accommodation by restoring his tenancy;

5. Enjoin the DEFENDANTS, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from discriminating because of handicap, race, color, religion, sex, familial status, or nation origin against any person in any aspect of the rental or sale of a dwelling. More specifically, LAPIN requests that the Court enjoin the DEFENDANTS from refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with a handicap equal opportunity to use and enjoy dwellings.

6. Award such damages as will compensate LAPIN fully for the damages caused by DEFENDANTS' discriminatory conduct, pursuant to 42 U.S.C. § 3612(o)(3) and 42 U.S.C. § 3612(c);

7. Award punitive damages to LAPIN pursuant to 42 U.S.C. § 3612(o)(3) and 42 U.S.C. § 3612(c);

8. For attorney fees and costs pursuant to 42 U.S.C. § 1988;

9. For a trial by jury of 12 persons of all issues triable by jury;

10. For such other and further relief as the Court deems just and equitable.

DATED this 20th day of July, 2017

MADSEN LAW OFFICES, PC

By:____________________

HENRY D. MADSEN
MADSEN LAW OFFICES, PC
1044 Northwest Blvd., Suite B
Coeur d'Alene, ID 83814
Telephone: (208) 664-8080
Facsimile: (208) 664-6258
Email: hm.madsenlaw@outlook.com
ISBA# 4428
Attorney for Plaintiff Gregory Lapin

# VERIFICATION

STATE OF IDAHO )
) ss.
County of Kootenai )

I, **GREGORY LAPIN**, being first duly sworn on oath, deposes and says:

I am the Defendant in the above-captioned matter; I have read the foregoing Complaint, know the contents thereof, and believe the same to be true to the best of my knowledge.

Greg Lapin
GREGORY LAPIN

SUBSCRIBED AND SWORN to before me this 20 day of July, 2017.

ALEX M. MADSEN
NOTARY PUBLIC
STATE OF IDAHO

NOTARY PUBLIC
in and for the State of Idaho
residing at CDA
Commission Expires 03/15/2019