UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY LAPIN, an individual,<br><br>                      Plaintiff,<br><br>    v.<br><br>STEVEN D. WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereof, WILLIAM T. REAGAN and JANE DOE REAGAN, individually and the community property comprised thereof; BW REAL ESTATE, LLC, a Idaho Limited Liability Company; BENJAMIN WIDMYER in his capacity as sole member of BW real Estate, LLC; and BENJAMIN WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereof<br><br>                      Defendants. | Case No. 2:17-cv-00304-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On August 11, 2017, Plaintiff, Gregory Lapin, filed a motion for Order to Show Cause for Preliminary Injunction in this case (Dkt. 4). This order requested the Court to enjoin the defendants from prosecuting an eviction currently pending in the First District Court of Kootenai County, Idaho (Case No. CV-2017-2918). Because the order for preliminary injunction was extremely time sensitive, the Court ordered that Defendants respond immediately so that the Court could make a determination before the eviction

**MEMORANDUM DECISION AND ORDER - 1**

proceedings were set to take place in State Court. Defendants filed a brief in opposition to Plaintiff's Motion on August 17, 2017. Having reviewed the record, the Court now issues the following decision DENYING the Motion.

## DISCUSSION

Lapin contends that he will be irreparably harmed if a preliminary injunction is not granted at this time. The Court often enters a preliminary injunction to preserve the status quo pending a determination of the action on the merits. *Larry P. v. Riles,* 502 F.2d 963, 965 (9th Cir. 1974). However, this case is somewhat unique in that Lapin is asking the Federal Court for a preliminary injunction to stop the State Court proceeding.

The underlying facts of the case are not relevant at this time, but the procedural history, while not lengthy, is relevant to the Court's decision.

- On April 11, 2017, Defendants filed their complaint against Lapin in State Court.
- On May 19, 2017, Plaintiff filed a notice of removal to Federal Court. Plaintiff then filed an Answer, Counterclaim, Third Party Complain and Jury Demand in that case.
- On May 25, 2017, Judge Edward J. Lodge remanded the case filed in Federal Court to State Court.
- On July 19, 2017, Plaintiff filed an Answer and Affirmative Defenses in State Court but did not raise any counterclaims or third party claims as he had in his federal case.
- On July 20, 2017, Plaintiff filed the instant suit in Federal Court.

**MEMORANDUM DECISION AND ORDER - 2**

In this case, it appears that Lapin is trying to use a federal cause of action to control his state cause of action. This is not appropriate - one court will not substitute or impose its jurisdiction on the other except under limited circumstances.

In a recent case before the Ninth Circuit Court of Appeals, the Court held that

> In exceptional circumstances, a federal court may decline to exercise its "virtually unflagging obligation" to exercise federal jurisdiction, in deference to pending, parallel state proceedings. Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." The decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Montanore Minerals Corp. v. Bakie,* No. 15-35707, 2017 WL 3497455, at *3 (9th Cir. Aug. 16, 2017) (internal citations omitted).

Some of the factors to be considered are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Id.* (citing *R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 977 (9th Cir. 2011)).

Here, after considering all relevant factors, it appears clear that the State proceedings need to proceed uninhibited by this federal case. The assertions raised in Plaintiff's federal suit are claims which need to be addressed in state Court. Judge Lodge has already remanded this action once in order to address these exact issues. As outlined in the Court's Order in Case No. 2:17-cv-00217-EJL (Dkt. 6), federal jurisdiction cannot be established through a counterclaim. Likewise, filing a separate action with the same

claims hoping that it will stay the State Court case is inappropriate. In particular, it appears that the claims asserted in the current federal case are compulsory counterclaims which must be brought in State Court. *See,* Federal Rule of Civil Procedure 13(a)(1) and Idaho Civil Rule of Procedure 13(a)(1).

In accordance with the above analysis, the Court will not grant a preliminary injunction. The matters at hand will be addressed in the appropriate venue of State Court.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Order to Show Cause for Preliminary Injunction (Dkt. 4) is **DENIED**.

2. For scheduling reasons this matter was handled by Judge David C. Nye, however Judge Edward J. Lodge is still the presiding judge in this case. Any determination concerning a stay or dismissal of the case will be dealt with by Judge Lodge at a later time.

DATED: August 18, 2017

_____
Honorable David C. Nye
United States District Court

**MEMORANDUM DECISION AND ORDER - 4**