UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY LAPIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN D. WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereof; WILLIAM T. REAGAN and JANE DOE REAGAN, individually and the community property comprised thereof; BW REAL ESTATE LLC, an Idaho limited liability company; BENJAMIN WIDMYER in his capacity as sole member of BW Real Estate LLC; BENJAMIN WIDMYER and JANE DOE WIDMYER, individually and the community property comprised thereof; and IDAHO HOUSING & FINANCE ASSOCIATION, an independent public body corporate and politic,<br><br>Defendants. | Case No. 2:17-CV-00304-EJL-REB<br><br><br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. 77)** |

Pending is Plaintiff's Motion for Leave to File Third Amended Complaint. (Dkt. 77.) Having carefully considered the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.    PROCEDURAL HISTORY

Plaintiff Gregory Lapin filed this action on July 20, 2017, alleging that Defendants violated state and federal laws designed to protect the rights of disabled persons. Prior to any Defendant filing an Answer (and prior to the issuance of a scheduling order), Lapin amended his Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B) on September 1, 2017. (Dkt. 15.) District Judge Edward J. Lodge, the presiding judge in this matter, issued a

scheduling order on October 11, 2017. (Dkt. 29.) Among other things, the scheduling order established a deadline of December 12, 2017 to amend pleadings.

The deadline to amend pleadings was subsequently extended to April 20, 2018. (Dkt. 49.) The amended case management order provided in part that motions "to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before April 20, 2018. This deadline will only be extended for good cause shown." A standard footnote stated that the "Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)."

Lapin moved for leave to file his second amended complaint on April 20, 2018. (Dkt. 52.) It was not opposed. (Dkts. 53, 55, 56.) The motion was granted under Rule 15(a)(2) and Lapin was ordered to file the amended pleading by June 8, 2018. (Dkt. 58.) On June 8, 2018, Lapin moved to extend the deadline to file his amended pleading. (Dkt. 59.) Finding good cause to extend the deadline (based in part on the fact that all opposing parties consented to the extension), the Court granted Lapin an extension through June 18, 2018. (Dkt. 61.) Lapin filed his Second Amended Complaint on June 15, 2018. (Dkt. 62.)

Certain Defendants moved on July 3, 2018 to dismiss and/or for summary judgment. (Dkts. 64–69.) On July 24, 2018, Lapin filed a memorandum in opposition, a statement of disputed material facts, and an affidavit of counsel. (Dkts. 72–74.) Thereafter, Lapin moved for leave to file his third amended complaint on August 16, 2018. (Dkt. 77.) This motion was

opposed (Dkts. 81, 82). Lapin did not respond to Defendants' opposition, and the time for doing so has passed.

This motion was referred to the undersigned for decision. (Dkts. 29, 49, 77.)

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to amend "when justice so requires." However, that standard is tightened when a scheduling order is entered, after which the court may modify the schedule only for good cause. FED. R. CIV. P. 16(b)(4). Thus, a "party seeking to amend [a] pleading after [the] date specified in [a] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment [is] proper under Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation omitted).

The good cause inquiry focuses primarily on the diligence of the party requesting the amendment. *Id.* at 609. "Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. If disregarded it would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Walker v. City of Pocatello*, 2017 WL 1650014 at *1 (D. Idaho May 1, 2017) (quoting *Johnson*, 975 F.2d at 610); *see also* Rule 16 Advisory Committee Notes (1983 Amendment). As explained in *Johnson*:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the

inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* (quotation marks and citations omitted). In addition, district courts are "given broad discretion in supervising the pretrial phase of litigation," including with respect to "decisions regarding the preclusive effect of a pretrial order." *Johnson*, 972 F.2d at 607. If good cause exists under Rule 16(b), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.*; *see also Branch Banking and Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (applying *Johnson* and demonstrating it is still controlling law).

### III. DISCUSSION

The Court must decide whether Lapin was diligent, under Rule 16, in seeking an otherwise untimely amendment to his Second Amended Complaint. Lapin fails to recognize his burden, as his motion draws on the more liberal Rule 15 standard rather than the more restrictive Rule 16 standard. Lapin contends "justice … requires" granting leave to amend because there is no evidence of bad faith, undue delay, prejudice to the opposing parties, or futility. Plf.'s Mot. for Leave to File Third Am. Compl. 2 (Dkt. 77). He makes no mention of diligence or good cause in his motion or any supporting filings.

Defendants argue that Lapin was not diligent in seeking amendment. They contend that in the period between Lapin filing his Second Amended Complaint on June 15, 2018 and filing the instant motion on August 16, 2018, he "has conducted no discovery, or otherwise prosecuted this case." (Dkt. 81). Because "Lapin has conducted no discovery in this case, … no additional facts have been developed to warrant amendment of Lapin's pleading." (*Id.* at 4.) Further, they argue that the allegations and causes of action contained in the proposed Third Amended

Complaint were known to Lapin and his counsel prior to the deadline for amending pleadings. Having conducted no discovery, Defendants contend, Lapin's amendments cannot be supported by newly acquired evidence. They urge denial of Lapin's motion as untimely, given his demonstrated lack of diligence. (*Id.* at 4.) Lapin did not respond.

Defendants also argue that, even if Lapin were diligent in seeking amendment, good cause is lacking because Defendants will be unduly prejudiced by "Lapin's late attempt to amend the Complaint after two prior amendments." Further, "Lapin's proposed Third Amended Complaint provides no additional facts, yet seeks to add theories of recovery at a time when Defendants have relied upon Lapin's Second Amended Complaint to pursue dispositive motions." (*Id.*) Of some significance is the fact that the pending motion was filed more than three weeks after Lapin filed a memorandum opposing Defendants' motion to dismiss. (Dkts. 73, 64.)

On balance, the Court finds that Lapin fails to show good cause sufficient to justify granting his motion. Defendants consented to allow Lapin to file his Second Amended Complaint and then consented to a further extension on the day it was due to be filed. Diligence would have called for Lapin to make a full assessment (and inclusion) of potential claims at the time the opposing parties acquiesced in allowing him an opportunity to file what was then the third version of his complaint. Moreover, the docket indicates even as Lapin did not engage in discovery (as averred by Defendants), the Defendants *did* engage in discovery.[1] At a minimum,

---

[1] District Local Civil Rule 5.4 prohibits filing discovery-related documents unless on order of the Court or for use in the proceeding, but Lapin filed certificates of service indicating he had served Plaintiff's Answers to First Set of Interrogatories and Requests for Production of Documents to Plaintiff. (Dkts. 70, 71.) These filings were dated July 6, 2018 – between the filing of his Second Amended Complaint and moving for leave to file a third amended complaint.

the fact of such discovery creates a likelihood for unnecessary extra expense if the motion for a third amended complaint is granted.

Moreover, the deadline for fact discovery passed on September 21, 2018 (Dkt. 49). Defendants would therefore be further prejudiced by the uncertainty of whether that deadline would be extended, and the delay that would result even if it is extended. Finally, the Court has considered the drag upon the Court's calendar and the drag upon the ultimate resolution of this case that would result if this untimely motion is allowed, in the face of what otherwise is a lack of good cause.

Accordingly, Lapin's motion is denied.

## IV. ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. 77) is **DENIED**.

DATED: December 11, 2018

Honorable Ronald E. Bush
Chief U.S. Magistrate Judge